UNITED STATES of America, Plaintiff,

v.

**Alan GRISHMAN, Defendant.**

Civ. No. 92–314–P–H.

United States District Court,
D. Maine.

April 7, 1993.

---

David R. Collins, Asst. U.S. Atty., Portland, ME, Mary Planty, and Kimberly L. Hallman, U.S. Dept. of Justice, Civil Rights Div., Washington, D.C., for plaintiff.

Alan Grishman, pro se.

### ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

HORNBY, District Judge.

Alan Grishman owned a three-bedroom, single family home in South Harpswell, Maine. It is situated on ocean waterfront with a cliff overhanging rocky shore and has an exposed deck about ten feet above the ground. The house contains valuable furnishings, including a Steinway grand piano. Mr. and Mrs. Grishman spend two and one-half months in the house every summer and rent it the remainder of the year. The United States has brought this action to enforce the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, asserting that, in renting the house, Mr. Grishman has discriminated on the basis of familial status, specifically, with respect to the family of Kyle Davidson, a would-be tenant. The Davidsons had a four-year-old and an eight-month-old at the time in question. The United States has now moved for summary judgment on the issue of liability. For the reasons that follow, **I GRANT** the motion.

It is undisputed that Mr. Grishman's house, now owned by his wife, is covered by the Fair Housing Act and that no exemptions apply. The Fair Housing Act makes it illegal to refuse to rent a dwelling to any person because of familial status. Familial status is defined as "one or more individuals (who have not attained the age of 18 years) being domiciled with ... a parent...." 42 U.S.C. § 3602(k)(1). The Act also makes it illegal to make any statement in connection with renting a dwelling "that indicates any preference ... based on ... familial status...." 42 U.S.C. § 3604(c).

Mr. Grishman asserts that he has never absolutely precluded renting the house to people with children and advances a number of reasons why he declined to rent to the Davidson family. Specifically:

It is clear that both Mr. and Mrs. Grishman were both deeply concerned about the type of tenant who would reside at their furnished home for nine and one-half months each year because the Grishmans would be living there the remaining two and one-half months. For example, Mrs. Grishman, who is a concert pianist, had her Steinway grand piano in the house. The house itself was designed and built by the Grishmans and was a prized possession. So, they had to be convinced that a prospective tenant would appreciate what they were getting, respect and take care of it. Their meeting with the Davidsons convinced them that they were not the right tenants for the house for a myriad of reasons: [1] a perceived lack of interest, appreciation and concern for their house by Mr. Davidson; [2] a perception that Mr. Davidson was litigious; [3] a perception that their treasured personal possessions in the house would be in danger because the Davidsons' small children would not be properly restricted by the Davidson parents from access to these possessions; and [4] *a perception that both the natural and man-made features of the property would*

*be a serious and real danger to the Davidson children, and that there were neither other children in the neighborhood or the proper rooms in their house to distract the Davidson children from these dangers or from doing destruction to the Grishmans' prized possessions.*

Memorandum of Law p. 7 (emphasis supplied). Reasons [1] and [2], if proved, do not involve discrimination. With respect to reason [3], I will assume without deciding that a landlord can have concerns about particular children's behavior or particular parents' inability to control such behavior without being guilty of discrimination based on familial status so long as there is some standard of reasonableness (i.e., a recognition that there are no perfect children or perfect parental control). Reason [4], however,—although it may make sense to Mr. Grishman—clearly amounts to illegal discrimination under the Fair Housing Act. Nothing in the statute permits the owner to determine that risks and circumstances of his dwelling and the neighborhood make it inappropriate for children. That decision is for the tenant.[1] Mr. Grishman admits that the fact that the Davidsons had children was *a* factor in declining to rent to them. Mr. Grishman also admits that he "informed Mr. Davidson that the property was less suitable for tenants with small children than those with older children or no children . . .", and that he has told his rental agents that, although they were not to exclude families with suitable children, "the property [was] more suited to people without children." These are statements indicating a "preference" based on familial status.

Under Fair Housing law, the Government has the burden of proving a prima facie case of discrimination by a preponderance of the evidence. *See HUD v. Blackwell,* 908 F.2d 864, 870 (11th Cir.1990). Here, I conclude that on the undisputed facts the Government has done so. Familial status was an uncontroverted factor in the decision not to rent and in preference statements. Under *Black-*

well, the next stage shifts the burden to the defendant to articulate some legitimate nondiscriminatory reason for his action. *Accord Casa Marie, Inc. v. Superior Court,* 988 F.2d 252, 269 n. 20 (1st Cir.1993). Although Mr. Grishman has articulated a number of additional reasons why he declined to rent to the Davidsons, there is no suggestion anywhere that he would have declined to rent them the property if the Davidsons had been childless. It is therefore unnecessary to reach the third stage where the Government has the opportunity to show that legitimate reasons asserted by the defendant are in fact mere pretext, *Blackwell,* or where a balancing process is used that depends on the relief sought, *Casa Marie, Inc.* I conclude that on the undisputed facts the Government has made out a violation of both section 3604(a) and section 3604(c).

Accordingly, summary judgment is hereby entered for the Government so far as liability is concerned. The parties shall confer and notify the Court at the final pretrial conference whether they have been able to resolve the matter or whether a hearing is required on the issue of relief. This case is currently 4th on the Court's May Nonjury Trial List.

**SO ORDERED.**

---

1. *See, e.g., HUD ex rel. Kirschenbaum v. DiBari,* 1992 WL 406529 (HUD ALJ Sept. 23, 1992) (lead paint not a ground to reject families with children). In that respect, I disagree with the Second Circuit's suggestion that a landlord might take into account "[c]onditions in the neighbor- hood known to be . . . inherently dangerous to occupancy by families with children...." *Soules v. HUD,* 967 F.2d 817, 824 (2nd Cir.1992). On that reasoning, landlords could exclude certain racial or ethnic groups because of a hostile neighborhood.